CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 3 0 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILLIP E. BOOSE, | ) |
| Petitioner, | ) Case No. 7:10CV00286 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| TERRY O'BRIEN, WARDEN, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

Petitioner, a federal inmate proceeding pro se,[1] brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his confinement pursuant to the 2003 judgment of the United States District Court for the Western District of Missouri under which he stands convicted of being a convicted felon in possession of ammunition. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## Background

Phillip E. Boose pleaded not guilty and, in May 2003, proceeded to a jury trial in the United States District Court for the Western District of Missouri on charges of being a convicted felon in possession of ammunition that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The jury found Boose guilty, and the court sentenced him to 240 months imprisonment. Boose appealed, alleging that the court erred in three respects

---

[1] Petitioner is currently incarcerated at the United States Penitentiary in Jonesville, Virginia, within the jurisdiction of this court.

requiring reversal of the conviction: refusing to submit to a jury the question of Boose's status as an armed career criminal under § 924(e), the determination that Boose qualified as an armed career criminal, and the refusal to suppress the ammunition found on Boose on the ground that it was seized pursuant to an illegal search. The United States Court of Appeals for the Eighth Circuit affirmed Boose's conviction and sentence, and the United States Supreme Court denied his petition for a writ of certiorari. See United States v. Boose, 92 Fed. App'x 377 (8th Cir. Mar. 25, 2004), cert. denied, 543 U.S. 884 (Jan. 10, 2005).

Boose then filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, which the sentencing court denied in 2005. He has twice petitioned the Eighth Circuit for certification to file a second or successive § 2255 motion, but both petitions were denied. Boose has also pursued a previous § 2241 petition in the United States District Court for the District of South Carolina, arguing that the trial court erred in refusing to suppress certain statements Boose made to law enforcement officials and that use of these statements during trial proceedings required reversal of his conviction; the petition was dismissed, and that judgment was affirmed on appeal. Boose v. Drew, C/A No. 4:08-1954-CMC-TER, 2008 WL 2557438 (D. S.C. June 20, 2008), aff'd 298 Fed. App'x 285 (4th Cir. Oct 29, 2008).

Petitioner signed and dated this § 2241 petition on June 21, 2010. In his petition, he alleges that he is entitled to habeas relief under § 2241, because new evidence he has discovered may demonstrate that he is actually innocent of possessing ammunition that had been transported in interstate commerce. At Boose's 2003 trial, the government called an ATF agent as an expert witness to testify that the ammunition Boose was charged with possessing had been manufactured by Winchester, based on the head stamp appearing on each of the shell casings,

and that the company manufactured such ammunition in its plant located in East Alton, Illinois.[2] (Tr. 185-16, May 29, 2003.) Since the evidence also showed that Boose possessed the ammunition in Missouri, the government argued, and the jury found, that it had necessarily traveled in interstate commerce, as required to support a guilty verdict under § 922(g)(1).

Boose now asserts that his conviction should be immediately reversed, because he has discovered information indicating that the ammunition may, in fact, have been manufactured in Missouri. He submits a photocopied article, which indicates that between 1986 and 1999, Winchester's parent company, Olin Industries, had a contract to operate the Lake City Army Ammunition Plant, located in Independence, Missouri. Based on this information, Boose argues that the ammunition he possessed could have been manufactured within Missouri and may not have traveled in interstate commerce, making him actually innocent of violating § 922(g)(1). He also argues that counsel was ineffective in failing to raise these arguments at trial and on appeal.

## Discussion

Petitioner's claims challenge the validity of his federal conviction itself, rather than the calculation of the term of confinement under that sentence. If a federal inmate wishes to challenge the validity of his sentence as imposed, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Under very limited circumstances, an inmate may challenge the legality of his conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241:

---

[2] While on the stand, the agent examined one of the boxes of ammunition that the government had entered into evidence, and the box itself included a label stating, "Winchester, East Alton, Illinois." (Id. at 186.)

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to [§ 2255], shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, *unless
> it also appears that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.*

§ 2255(e) (emphasis added). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent to the prisoner's direct
> appeal and first § 2255 motion, the substantive law changed such that the conduct
> of which the prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
> is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Applying these principles to Boose's claims, the court concludes that the claims must be dismissed. His claims, challenging the sufficiency of the evidence concerning where the ammunition was manufactured, could have been developed and raised at trial, on appeal, or in his initial § 2255. See, e.g., Johnson v. United States, 544 U.S. 295, 305-06 (2005). Moreover, Boose does not point to any intervening change in "substantive law" under which his federal offense conduct—being a convicted felon in possession of ammunition that has traveled in interstate commerce—is no longer criminal, and the court is unaware of any such change in law. Therefore, Boose fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his conviction, such that he can proceed with his claims under § 2241.

In any event, Boose's claims of actual innocence are without substance. He presents no evidence whatsoever indicating that the Lake City Army Ammunition Plant in Missouri ever

manufactured ammunition bearing the Winchester head stamp, as did the ammunition he possessed as a convicted felon. He also fails to dispute the government's evidence at trial that one of the seized boxes of ammunition had the name of Winchester's East Alton, Illinois manufacturing plant on it.

## Conclusion

Based on the foregoing, the court concludes that petitioner cannot meet the elements of the Jones standard so as to allow the court to address his claims under § 2241. Jones, 226 F.3d at 333-34. Therefore, the § 2241 petition must be dismissed. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 30th day of June, 2010.

                                                                      /s/ Glen Conrad
                                                                      United States District Judge